# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA NALBONE,<br><br>Plaintiff,<br><br>v.<br><br>THE MIRAGE CASINO-HOTEL, et al.,<br><br>Defendants. | Civil Action No.: 17-cv-02070 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a motion to change venue by MGM Resorts International, Inc. (plead as The Mirage Casino-Hotel) (ECF No. 6); and a motion to remand this matter to state court by Plaintiff Maria Nalbone because the requirements for diversity jurisdiction are not met (ECF No. 9). The Court will consider the motion to remand initially.

Plaintiff seeks to remand this case to the Superior Court of New Jersey. Plaintiff resides in New Jersey and the Mirage Casino Hotel is a limited liability company of Nevada, with a single member (MGM Resorts, a corporation of Nevada). Plaintiff argues that the case has a value of less than $75,000, and accordingly, it does not meet diversity jurisdiction.

I.

On June 20, 2016, Maria Nalbone (87 years old) fell in her room at the Mirage Casino Hotel in Las Vegas. Evidently, water collected in an area of the bathroom and she slipped and fell. The fall caused an injury to one of her ribs.

The physicians in Las Vegas determined that she had bruised ribs, and did not recommend any further treatment; however when Nalbone returned to New Jersey, she still had pain. Nalbone's primary care physician recommended she be rechecked at a local hospital. The hospital (Robert Wood Johnson) x-rayed Nalbone again. The staff at Robert Wood Johnson

found that Nalbone's eleventh rib was fractured, but this did not require further treatment. As such, she was discharged. Nalbone recovered without any complications.

In a demand letter to MGM dated November 18, 2016, Nalbone's attorney stated that due to "the painful and disabling nature of Ms. Nalbone's injuries, I am authorized to demand $75,000." Some of the facts underlying the damages valuation include:

| | |
|---|---|
| Loss Wages: | $0 (Nalbone is retired) |
| Life Expectancy: | 5.7 years. |
| Age: | 87 |
| Medical Costs: | $5,000 (at most) |
| Out of Pocket Costs: | $0 (none alleged) |
| Treatment: | Two x-rays, no hospitalization, no surgeries, no other significant treatment. |
| Pain and Suffering: | Loss of Sleep, restricted daily activities, and pain in the rib area |

Defendant argues that Plaintiff's counsel demand of $75,000 was a cent below the diversity threshold, and the low demand was an attempt to avoid transferring the case to Nevada.

Plaintiff argues the rubric that "a plaintiff is the master of her own claim and thus may limit [her] claims to avoid federal subject matter jurisdiction." In such a case, the burden of proof of placed upon the proponent to prove to a legal certainty that the amount in controversy exceeds the statutory threshold. *Morgan v. Gay*, 471 F. 3d 469, 474 (3d Cir. 2006).

In *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007), the plaintiff did not specifically aver in the complaint the amount in controversy, and the Court set forth a standard for defining what is meant by legal certainty. The Court noted that determination of the amount in controversy "begins with a reading of the complaint filed in the state court." *Id.* at 197. The Court may also look to defendant's notice of removal. "The court must measure the amount 'not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting

*Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

Under the legal certainty test, when a case is brought to federal court by removal, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. The case will be dismissed or remanded only if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a legal certainty that the plaintiff never was entitled to recover that amount. *Frederico*, 507 F. 3d at 289. The Third Circuit directs that "a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000." *Id.* at 195-199 (See also, *Samuel-Bassett v. KIA Motors America. Inc.*, 357 F.3d 392 (3d Cir. 2004).

In applying the above standard, the Complaint alleges negligence and seeks compensatory damages, costs and legal fees. There is no punitive damages claim, no lost wages, no hospitalization, and legal fees are not ordinarily awarded in a personal injury suit in New Jersey. To a reasonable practitioner, and to this Court, the value of this case would not exceed $30,000. If one factors in sympathy for the aged Plaintiff and the "deep pocket" defendant, some value may be added; but nothing raises the value of the case above $75,000. Plaintiff has very able counsel, and counsel may have considered other factors in its demand than those discussed above, such as comparative negligence. The Plaintiff's demand of $75,000 is realistic. Moreover, the Defendant has the burden of proof, and Defendant's rationale that Plaintiff seeks a maximum of $75,000 in order to avoid federal jurisdiction does not meet the legal certainty test since it does not compute the value of this claim.

ORDER

IT IS on this 25th day of July, 2017;

ORDERED that Plaintiff's motion to remand (ECF No. 9) is granted; and it is further

ORDERED that Defendant's motion to transfer (ECF No. 6) is denied as moot.

_____
PETER G. SHERIDAN, U.S.D.J.